IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HILLARY,

      Petitioner,             No. CIV S-08-2503 WBS GGH P

    vs.

D.K. SISTO,

      Respondent.        FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2007 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On February 2, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859, 861 (2011).[1]

        The parties have timely filed briefing, yet for the reasons set forth in the prior order, and notwithstanding petitioner's argument, it appears there is no federal due process

---

[1] The earlier citation in the prior order was to Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

1

requirement for a "some evidence" review, thus the federal courts are precluded from a review of the state court's application of its "some evidence" standard.[2]  Petitioner, who pled guilty and was sentenced in 1995 to 20 years to life for second degree murder with use of a firearm, makes the following claims about his parole denial at his initial parole suitability hearing: 1) his liberty interest in parole was denied by BPH absent a preponderance of the evidence; 2) BPH is obligated to set a release date for life term inmates unless an inmate poses a significant public safety risk; 3) & 4) petitioner's positive efforts, in accordance with parole guidelines, over fifteen years for parole suitability outweigh negative factors; 5) BPH has altered his life sentence to life without the possibility of parole or death, an ex post facto clause violation.  Petition, pp. 1-31.

        As to petitioner's claims 1 through 4, the gravamen of these claims is an alleged violation of  California's "some evidence" requirement.  As to any "some evidence" claim, this court's review of the BPH hearing transcript confirms that petitioner received all the process that was due in having been "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied."  Swarthout, at 862; Answer, docket # 17-1, pp. 31-143, docket # 17-2, pp. 1-52.[3]  Thus, on his "some evidence" claim, the petition should be denied.

        As to petitioner's claim 5, he alleges that when he entered his guilty plea to second degree murder, neither the district attorney nor the sentencing court established that his crime had been committed "in a very cruel, callous and calculated manner," although the BPH did so determine, thus amounting to an enhancement not found by the court in violation of

---

[2] The court notes some perversity in the result here.  Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence."  Superintendent v. Hill, 472 U.S. 445, 455, 105 S. Ct. 2768 (1985).  Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003).  However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint.  Nevertheless, such is the state of the law.

[3] The BPH transcript was also attached, in a somewhat haphazard fashion, to the Petition (docket # 1), pp. 35-81, 114-131, 133-136, 138-168, 170-194, 197-204; (docket # 1-1), pp. 20-23, 25, 29, 34-52, 54-64.

petitioner's Sixth Amendment right.[4]  Petition, p. 20.  Petitioner cites <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004); and <u>Cunningham v. California</u>,

<u>Apprendi</u> and its progeny do not apply because, with death of a peace officer exceptions not relevant here, the *invariable* sentence is 15 years to life.  Cal. Penal Code § 190(a).[5]  This is the alpha and omega of the resolution here.  Petitioner mistakes the BPH as part of the judicial system involved in sentencing.  It is not.  It is a state agency tasked with reviewing parole eligibility which may take into account a myriad of discretionary factors.  Nothing in <u>Apprendi</u> or <u>Blakely</u> applies to such agency decision making.  Nor is there any fact finding involved in setting the sentence for second degree murder.  Once the jury has convicted a defendant of second degree murder, the term of imprisonment is 15 years to life (plus any applicable statutory enhancements which may, or may not, involve <u>Apprendi</u> issues).  The term is 15 years to life regardless of the particular circumstances of the crime such as callousness, cruelty and the like.

---

[4] Petitioner notes that the BPH referred to his having been convicted of first degree murder, when he had pled to second degree murder.  Petition, p. 21, citing BPH transcript at 37, 39 of Petition.  It is unclear from the court's review why either petitioner or his counsel, who apparently had an ample opportunity to speak, including lodging objections, did not correct this error.  More significant, however, is the fact that in finding that the BPH met the "some evidence" standard in denying petitioner parole, the state superior court accurately noted that petitioner's commitment offense was second degree murder with a weapon enhancement.  Docket 17-3, pp. 2-5 (Exhibit 2 to Answer).  In <u>Ylst</u>, the Supreme Court applied the following presumption: "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803, 111 S. Ct. 2590 (1991).  Therefore, the silent denials of the state Court of Appeals and Supreme courts are presumed to rest on the lower court's analysis and that analysis cannot be said to be an unreasonable application of clearly established Supreme Court law.

[5] "Except as provided in subdivision (b), (c), or (d), every person guilty of murder in the second degree shall be punished by imprisonment in the state prison for a term of 15 years to life."  Cal. Penal Code § 190(a), in relevant part.

1  There being no ground upon which petitioner can proceed, this petition should be
2  denied.
3  Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.
4  If petitioner files objections, he shall also address if a certificate of appealability
5  should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
6  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
7  constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
8  which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).
9  These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
11 days after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
14 shall be served and filed within fourteen days after service of the objections.  The parties are
15 advised that failure to file objections within the specified time may waive the right to appeal the
16 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 DATED: May 2, 2011                    /s/ Gregory G. Hollows

    _____
    GREGORY G. HOLLOWS
    UNITED STATES MAGISTRATE JUDGE

GGH:009
hill2503.fr